(163 App. Div. 109)

### DI CHIRO v. O'BYRNE et al. (No. 136–52.)

(Supreme Court, Appellate Division, Third Department. July 1, 1914.)

1. VENDOR AND PURCHASER (§§ 133, 198*)—REMEDIES OF PURCHASER—BREACH OF COVENANT—RECOVERY OF COSTS OF REMOVING INCUMBRANCES.

An executory contract for the sale of property, providing that the vendor would deliver a deed of the premises clear of incumbrances except a mortgage for $1,300, which the purchaser was to assume, though not specifying the nature of the deed to be given, was not performed by a conveyance subject to a paving assessment for $200, and the purchaser, without waiting for an eviction, could discharge the incumbrance and recover the amount of the vendor.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 234–237, 408–412; Dec. Dig. §§ 133, 198.*]

2. REFORMATION OF INSTRUMENTS (§ 47*)—GROUNDS—OF CONTRACT.

Under such contract, where the parties, either through mutual mistake or through the purchaser's mistake and the vendor's fraud or concealment, conveyed it subject to a paving assessment of which the purchaser, who could neither read nor write English, was ignorant, equity would reform the conveyance so far as necessary to enable the purchaser to pay such incumbrance and to recover the amount thereof from the vendor.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 195–198; Dec. Dig. § 47.*]

3. HUSBAND AND WIFE (§ 221*)—REMEDIES OF PURCHASER—ACTION FOR DAMAGES—PARTIES DEFENDANT.

Where a married woman, through her husband and attorney in fact, agreed to convey subject to no incumbrance but a mortgage, and the husband, at the time of making the contract, agreed to join in the convey-

---

ance, and thereafter in fact signed it, he was a proper party defendant in a purchaser's action for damages for breach of the covenant against incumbrances.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 707, 802–806, 968, 973, 976½; Dec. Dig. § 221.*]

Appeal from Trial Term, Albany County.

Action by Biaso Di Chiro against Mary O'Byrne and another. Judgment for defendants, and plaintiff appeals. Reversed, and judgment ordered for plaintiff.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Walter H. Wertime, of Cohoes (P. C. Dugan, of Albany, of counsel), for appellant.

William E. Woollard, of Albany, for respondents.

SMITH, P. J. Upon August 26, 1911, the respondent, Mary O'Byrne, through her attorney in fact, Daniel O'Byrne, acknowledged payment of $200 to apply upon the purchase price of lot 42 on Lancaster street in Cohoes. The paper in which said receipt was acknowledged then continued:

"The full purchase price of said lot to be $2,700, and said Biaso Di Chiro is to assume the payment of a mortgage now on said premises for $1,300, executed by Daniel O'Byrne to Cohoes Savings Institution, and the balance of said sum of $1,200 is to be paid by said Biaso Di Chiro on or before the 15th day of October, 1911, at which time said Mary O'Byrne will deliver a deed of said premises to him free and clear of all incumbrances, except said mortgage for $1,300."

On or before the 15th of October, 1911, the plaintiff paid the said sum of $1,200, and a warranty deed was given to him of said premises with covenant for quiet enjoyment. At the time of the giving of this deed, however, the property was incumbered by an assessment for street paving, amounting to about $200. This assessment plaintiff endeavored to have the defendants pay, and upon their refusal the plaintiff paid the same and has brought this action to recover the amount so paid, and for such equitable relief as may be necessary to enable him so to do.

[1] The executory contract of sale of the property did not specify the nature of the deed that was to be given, but did require that the property was to be conveyed free of incumbrance, except this $1,300 mortgage. The property was not conveyed free of incumbrance, but was bound by this $200 assessment, so that the defendants have not performed the covenants of their contract. It cannot be possible that plaintiff is required by law to wait for an eviction before he can have the benefit of his contract. Moreover, an eviction may forfeit to him the material profit of his contract. Natural justice would seem to require that, upon the failure of the defendants to pay this assessment, the plaintiff might pay the same and have his right of action for the amount so paid.

[2] Authorities are cited, however, to the effect that, under an executory contract for the conveyance of a good title, if a deed be given

the vendee must look to the covenants in his deed. It is unnecessary to discuss whether a distinction may be drawn between a covenant to give a good title and a covenant to convey property free from any incumbrance. Conceding for the argument that a purchaser must look to the covenants of his deed only for his relief, if a deed be made in form so as not to protect the purchaser, either through mutual mistake or through mistake on the part of the vendee and fraud on the part of the vendor, the courts should correct that deed so as to require the inclusion of such covenants as are necessary to give to the purchaser the full benefit of his contract. This plaintiff is an Italian and can neither read nor write English. There is no question that he was ignorant of the fact that there was an incumbrance upon the property. It matters not whether the defendants were ignorant of the existence of such incumbrance, or with knowledge thereof fraudulently concealed the same. In either case equity would reform the deed so far as may be necessary to enable the purchaser to pay these incumbrances and to recover therefor from those who had undertaken to convey the property free from incumbrance.

[3] The action is brought against Daniel O'Byrne, the husband, as well as against Mary O'Byrne, the wife. The evidence stands uncontradicted that Daniel O'Byrne agreed to sign the deed. That he did thereafter in fact sign it is corroborative of this evidence. If the contract, as construed, called for a full covenant deed, the legal inference is that Daniel O'Byrne should join in the covenants. The negotiations were with him. He apparently made the contract in behalf both of himself and of his wife, who held the legal title, and it is right that the plaintiff should look to either one for his indemnity. The judgment should therefore be reversed, and plaintiff should have judgment against the defendants for the amount of said incumbrance paid. This court finds as a fact, in addition to those already found, that the deed executed, either by mistake of both parties or by mistake of the plaintiff and fraud on the part of the defendants, failed to provide therein a covenant against incumbrances. The court further finds that, at the time of the making of this contract by Daniel O'Byrne, he agreed to join in the deed to the plaintiff.

Judgment of the trial court reversed, with costs, and judgment ordered for plaintiff against defendants for the amount of said incumbrance paid, with interest and costs, and for such reformation as may be necessary therefor. This court finds as a fact, in addition to those already found, that the deed executed either by mistake of both parties or by mistake of the plaintiff and fraud on the part of the defendants failed to provide therein a covenant against incumbrances. The court further finds that, at the time of making this contract by Daniel O'Byrne, he agreed to join in the deed to the plaintiff. All concur.